# PATRICK L. GARRITY

## *v.*

# JOSEPH O. WILCOX *et al.*

1. PRACTICE—*affidavit of merits—its sufficiency.* In a suit by partners, in assumpsit, the defendant pleaded *non assumpsit,* accompanied with the following affidavit of merits: "A B, being duly sworn, deposes and says that he is the defendant in the above entitled cause, and that he verily believes he has a good defense to a portion of said plaintiffs' demand, and to the full sum of four hundred and fifty dollars, upon the merits, in this, that said sum of four hundred and fifty dollars was, at sundry and divers times, by the defendant, sent to said plaintiffs, as partners, etc., and by the said plaintiffs received, but which said sum, or any part thereof, the said plaintiffs to said defendant have not accounted, or given this defendant credit therefor:" *Held,* that the affidavit was good in form and substance, and that it was error to strike the same from the files.

2. SAME—*striking affidavit from files, for interlineations.* The fact that words in a defendant's affidavit of merits are interlined before it is sworn

160      GARRITY *v.* WILCOX *et al.*      [Sept. T.

Opinion of the Court.

to, in order to make it conform more strictly with the statute, affords no ground for striking the affidavit from the files.

3. FORMER DECISION. It was said in *Stanberry* v. *Moore*, 56 Ill. 472, that the practice of making amendments by erasures and interlineations is a bad one, and ought not to be tolerated; that a paper thus disfigured ought to be stricken from the files. This, however, was not necessary to be said, as that matter was not a point in the case. The remark was only intended to indicate a better practice.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SAWIN, JONES & HUNTING, for the appellant.

Mr. NEWTON BURKE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, upon a promissory note, to which the defendant pleaded *non assumpsit*, accompanying the same with the following as an affidavit of merits: After entitling the cause and court and term, it proceeds: Patrick L. Garrity, being duly sworn, deposes and says that he is the defendant in the above entitled cause, and that he verily believes he has a good defense to a portion of said plaintiffs' demand, and to the full sum of four hundred and fifty dollars, upon the merits, in this, that said sum of four hundred and fifty dollars was, at sundry and divers times, by the defendant, sent to said plaintiffs, as partners, etc., and by the said plaintiffs received, but which said sum, or any part thereof, the said plaintiffs to said defendant have not accounted, or given this defendant credit therefor.

A motion was sustained striking the plea from the files for the alleged reason of the insufficiency of this affidavit, and a default and judgment taken against the defendant for nine hundred and one dollars, and costs. To reverse this judgment this appeal is taken, and the only question is, the sufficiency of this affidavit.

We are of opinion the affidavit is in substantial compliance with section 37 of the Practice Act of 1874. The fact that

words were interlined in the affidavit before it was sworn to, in order that it should more strictly and literally conform to the statute, afforded no ground whatever for this adverse action of the court.

It is perhaps too frequently the case, that amendments are made to pleadings by erasures and interlineations, but in the hurry of business, it is sometimes necessary. What was said in *Stanberry* v. *Moore*, 56 Ill. 472, was not necessary to be said, as that matter was not a point in the case, and only intended to indicate a better practice.

The affidavit in question is good in form and substance, and being so, it was error to strike the plea from the files, as it had a solid statutory foundation. It follows the judgment entered by default was irregular and erroneous, and must be reversed.

The judgment is reversed and the cause remanded.

*Judgment reversed.*