The Chicago, Milwaukee and St. Paul Railway Company

*v.*

Thomas O'Sullivan, Admr.

*Filed at Ottawa October 31, 1892.*

1. Evidence — *opinions of witness — admissibility.* On the trial of an action against a railroad company, brought to recover damages resulting from defendant's engine running over plaintiff's intestate, one of the plaintiff's witnesses testified that when the deceased came out of the switch shanty near the track, defendant's engine which did the injury was standing on the track forty or fifty feet east of the switch shanty, with her cylinder cocks open and blowing off steam. The witness was then asked whether the deceased could have heard the blowing off of steam, which question was, on objection, refused. It did not appear that the witness was either in or near the shanty : *Held*, that there was no error in the ruling of the court, as the jury were as capable of drawing a conclusion whether or not the deceased heard the steam escaping as the witness.

2. In the same case, the witness stated that the switch shanty was sixty or seventy feet east of the switch ; that the engine went about one hundred feet before it struck deceased, and that from the time the engine started there was no obstruction between it and the deceased ; that he, the witness, was about fifty or sixty feet north and east of where the deceased was killed, and that it was daylight, and he could see the accident plainly. The court sustained an objection to a question whether the deceased could have seen the approaching engine, if he had looked : *Held*, that the matter sought to be elicited was one of common observation, and that while the question was not improper, it was not error to sustain the objection, and leave it to the jury to draw the proper conclusion from the facts stated. It was a matter within the sound legal discretion of the court which course of examination should be pursued.

3. Same — *to show negligence of railroad company.* In an action against a railroad company for causing the death of the plaintiff's intestate at a place where there were several tracks used by the defendant company jointly with other companies, evidence of the rule and regulation of the other companies in regard to the switch, and of the usual and customary mode of running trains there, is admissible for the purpose of shedding light on the conduct of the deceased at the time he was killed, and as bearing on the averment of his exercise of ordinary care,—and this, regardless of any question whether the defendant

company had any such rule or regulation, or its employes in charge of trains were notified of the existence of such rule of one of the other companies.

4. INSTRUCTIONS—*instruction construed.* In an action against a railway company, brought by an administrator to recover damages for causing the death of the intestate, the court, among other things, instructed the jury, that "if they found, from the evidence and instructions, that the defendant was guilty of the wrongful acts, neglect or default, as charged in the declaration, then the plaintiff was entitled to recover such damages as they might deem, from the evidence and proof, a fair and just compensation therefor, having reference to the pecuniary injuries resulting from such death to the said plaintiff and next of kin, not exceeding the amount in the declaration," etc.: *Held,* that the instruction was not one in respect to the grounds of liability, but related merely to the measure of damages in the event a legal right of recovery was shown, and therefore was not erroneous.

5. In the same case, the court instructed the jury, that if they believed, from the evidence, that the plaintiff had made out his case as laid in his declaration, then they should find for the plaintiff: *Held,* that this imposed upon the plaintiff the burden of establishing all three of the elements necessary to constitute the cause of the action,— the negligence, the consequent death, and ordinary care on the part of the deceased,—and was not erroneous.

6. SAME—*modifying without changing the meaning.* In the same case, the defendant asked the court to instruct the jury, that before the plaintiff could recover they must find, from the evidence, first, that at the time of and immediately preceding the accident, the deceased was in the exercise of such care and caution for his safety as a reasonably prudent and careful man would exercise under the circumstances; second, that the defendant was guilty of some act or acts of negligence, as charged in the declaration, which caused the accident, but if they found, from the evidence, that at the time and immediately before the accident, deceased did not exercise such care and caution, and that he carelessly and negligently stepped upon and walked upon the track upon which he was killed, and that such negligence materially contributed to the accident, then their verdict must be for the defendant, [even if you should also find that the defendant was guilty of some act or acts of negligence charged in the declaration, for the law is settled in this State] the law being, that in cases of this character the injured party must have been in the exercise of such due care and caution as a reasonably prudent and cautious man would exercise under the circumstances. The court modified the instruction by striking out the words in brackets: *Held,* that the instruction as asked might properly have been given, but that the striking out of the clause was not reversible error, as it did not change the meaning of the instruction.

4—143 ILL.

7. SAME—*argumentative*—*ignoring material facts.* An instruction which is argumentative, and ignores a material fact shown by the evidence, and which is not based upon the evidence as to an important suggestion, is properly refused.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

The first count of the declaration in this case charges that a certain specified railroad track was used and operated by the defendant company and the Pittsburg, Cincinnati and St. Louis Railroad Company, towards and at, to-wit, the intersection, junction and connection of the tracks of the railroad of the defendant with the tracks of the railroad of the Pittsburg, Cincinnati and St. Louis Railroad Company; that Martin A. O'Sullivan, the plaintiff's intestate, was an employe of the said Pittsburg, Cincinnati and St. Louis Railroad Company, and while he was, with due care and diligence, performing and attending to the duties of a watchman in that behalf at said intersection, junction and connection, the defendant company, by its servants, so carelessly, negligently and improperly drove and managed a locomotive engine of the defendant company, that by and through the negligence and improper conduct of the defendant, by its said servants, in that behalf, the said locomotive engine then and there ran and struck with great force and violence upon, against and over the said Martin A. O'Sullivan, and the said Martin A. O'Sullivan was then and there killed. The second count charges that the locomotive was not brought to a full stop at a distance not less than two hundred feet or more than eight hundred feet from the point of said intersection, junction and connection, or in plain sight of the same, before said intersection, junction and connection was passed by said locomotive, etc., contrary to the statute, etc.

At the trial the court gave the three following instructions for appellee:

"The court instructs the jury, as a matter of law, that you are the judges of the credibility of the witnesses, and of the weight to be given to each and all of them."

"If the jury believe, from the evidence, that the plaintiff has made out his case as laid in his declaration, then you must find for the plaintiff."

"If the jury find, from the evidence and under the instructions of the court, that the defendant corporation is guilty of the wrongful acts, neglect or default, as charged in the plaintiff's declaration, then the plaintiff is entitled to recover such damages as the jury may deem, from the evidence and proof, a fair and just compensation therefor, having reference only to the pecuniary injuries resulting from such death to the said plaintiff and next of kin, not exceeding the amount in the declaration. Sorrow or grief for the deceased, or any pain caused to the next of kin by reason of the manner of his death, is not to be considered by the jury, and the pecuniary value of the life of the deceased to the next of kin himself surviving is all for which damages can be assessed."

The court gave the following instruction at the instance of appellant:

"2. This is an action by Timothy O'Sullivan, as administrator of the estate of Martin A. O'Sullivan, deceased, to recover damages for the death of the latter, and the court instructs you, that before plaintiff can recover he must show that the deceased, Martin A. O'Sullivan, at the time of and immediately before the accident, was in the exercise of due and reasonable care for his safety, for the law requires that all persons about to cross or step upon railroad tracks shall exercise such care and caution for their safety as prudent and careful men would properly exercise under the circumstances; and if you find, from the evidence, that Martin A. O'Sullivan, the deceased, either walked upon or attempted to cross the tracks upon which he was killed without exercising such care and caution for his safety as a reasonably prudent

man, under all the circumstances, would have exercised, and that his failure to exercise such care and caution materially contributed to the accident, then your verdict must be for the defendant."

Appellant moved the court to give to the jury a certain instruction 3, but the court refused to give said instruction as requested, and of its own motion modified the same by striking out that portion included in parenthesis and printed in italics as it appears below, and gave it as so modified.

"3.    The court instructs you, that before the plaintiff can recover in this case you must find, from the evidence, first, that at the time of and immediately preceding the accident Martin A. O'Sullivan, the deceased, was in the exercise of such care and caution for his safety as a reasonably prudent and careful man would exercise under the circumstances; second, that the defendant was guilty of some act or acts of negligence as charged in the declaration, which caused the accident; but if you find, from the evidence, that at the time and immediately before the accident Martin A. O'Sullivan, the deceased, did not exercise such care and caution as a reasonably prudent man would have exercised under the circumstances, and that he carelessly and negligently stepped upon and walked upon the track upon which he was killed, and that such carelessness and negligence materially contributed to the accident, then your verdict must be for the defendant, *(even if you should also find that the defendant was guilty of some act or acts of negligence as charged in the declaration, for the law is settled in this State,)* the law being, that in cases of this character the injured party must be in the exercise of such due care and caution as a reasonable prudent and cautious man would exercise under the circumstances."

And the appellant also asked the court to give a certain instruction 4, but the court, before giving it, modified it by inserting therein the words printed in italics, as follows:

"4.   If you find, from the evidence, that Martin O'Sullivan, by the exercise of the care and caution a reasonably prudent man would have exercised under the circumstances, could have seen the engine which struck him, in time to have avoided the accident, but that he carelessly and negligently stepped upon or remained upon the track in front of the approaching locomotive, *and was killed in consequence of his own carelessness and negligence,* then your verdict must be for the defendant."

Messrs, WALKER & EDDY, for the appellant:

When incompetent testimony is given the court should at once exclude it, on motion.   *Machine Co.* v. *Rosine,* 87 Ill. 105; *Barr* v. *W. C. M. & M. Co.* 5 Bradw. 442.

In an action against one company, evidence of the custom of, or of the rules and regulations governing another company, is incompetent, and should be rejected.   *Rolling Mill Co.* v. *Johnson,* 114 Ill. 57; *Insurance Co.* v. *Farrish,* 73 id. 166.

It is the imperative duty of the court to give an instruction when requested by either side, when the same is in conformity with the law and applicable to the case, and not covered by any other instruction; and it is error to modify, even though as modified the instruction is still a correct proposition of law. *State* v. *Wilson,* 2 Scam. 225; *Cohen* v. *Schick,* 6 Bradw. 280; *Lender* v. *People,* 6 id. 98; *Insurance Co.* v. *Little.* 20 Ill. App. 431; *Sterns* v. *Reidy,* 18 id. 582; *Ruff* v. *Jarrett,* 94 Ill. 475; *Bennett* v. *Connelly,* 103 id. 50.

Where the evidence is conflicting "it is indispensable that the jury should be accurately instructed."   *Swan* v. *People,* 98 Ill. 610; *Ruff* v. *Jarrett,* 94 id. 475; *Newerberger* v. *Gaulter,* 4 Ill. App. 348; *Volk* v. *Roche,* 70 Ill. 297; *Railway Co.* v. *Corn,* 71 id. 493; *Insurance Co.* v. *Crawford,* 89 id. 62; *Cushman* v. *Cogswell,* 86 id. 62; *Railway Co.* v. *VanPatten,* 64 id. 510; *Railway Co.* v. *Moore,* 77 id. 217; *Railway Co.* v. *Grable,* 88 id. 441; *Railway Co.* v. *Henks,* 91 id. 407; *Stratton* v. *Horse Ry. Co.* 95 id. 25.

The foregoing proposition is especially applicable to suits for personal injuries, in which the question of contributory negligence arises, and the evidence is conflicting. *Stratton* v. *Horse Ry. Co.* 95 Ill. 25 ; *Railroad Co.* v. *Sykes,* 96 id. 162.

Where an instruction omits a material element in controversy it is fatally defective. *Swan* v. *People,* 98 Ill. 610 ; *Ruff* v. *Jarrett,* 94 id. 475.

When plaintiff's right to recover depends not only upon the fact of negligence in defendant, but also upon the degree of defendant's negligence as compared with negligence of deceased, and the evidence is conflicting, plaintiff's instructions should each be correct in itself, without reference to others given on behalf of plaintiff or defendant. In such case, an instruction that if the defendant's servants were guilty of either negligence the defendant is liable therefor, is erroneous, in not further requiring the jury to consider the degree of the injured party's negligence. *Railroad Co.* v. *Murray,* 62 Ill. 326 ; *Railroad Co.* v. *Payne,* 49 id. 499 ; *Railroad Co.* v. *Harwood,* 80 id. 88 ; *Railroad Co.* v. *Maffit,* 67 id. 431 ; *Railway Co.* v. *Dimick,* 96 id. 42 ; *Manufacturing Co.* v. *Ballou,* 71 id. 417 ; *Morris* v. *Gleason,* 1 Ill. App. 510 ; *Railway Co.* v. *Larmon,* 67 id. 68 ; *Railway Co.* v. *Shacklett,* 105 id. 364 ; *Peoria* v. *Simpson,* 110 id. 294.

An instruction which directs the jury to find for the plaintiff, if, from the evidence, they found the defendant guilty of negligence charged, "without containing the requirement of any degree of care whatever on the part of the deceased," is erroneous. *Railroad Co.* v. *Mock,* 72 Ill. 141 ; *Railroad Co.* v. *Payne,* 49 id. 499 ; *Railroad Co.* v. *Lee,* 60 id. 502 ; *Railway Co.* v. *Maffit,* 67 id. 431 ; *Railway Co.* v. *Harwood,* 80 id. 88 ; *Railway Co.* v. *Dimick,* 96 id. 42 ; *Railway Co.* v. *Lee,* 60 id. 501 ; *Railway Co.* v. *Henks,* 91 id. 407 ; *Rolling Mill Co.* v. *Morrissey,* 111 id. 646 ; *Railway Co.* v. *Simonson,* 54 id. 504 ; *Railway Co.* v. *O'Brien,* 18 Ill. App. 28.

Parties have the right to have the law applicable to their case fully, fairly and correctly given to the jury; and when the court misdirects them in one series of instructions, we must reverse, although the other series of instructions may announce correct rules, if we can see that the erroneous instructions may have misled the jury. *Baldwin* v. *Killian,* 63 Ill. 550.

Messrs. GIBBONS & KAVANAGH, for the appellee:

The instruction, given, as it was, without change or modification, covered the whole law of the case, and all the others might have been refused, as they are but repetitions of the principles announced therein. Hence the extended quotation from Judge Moran's opinion in *Stearns* v. *Riedy,* 18 Ill. App. 582, is not applicable here. Where instructions given for a party embodied the same proposition substantially as others asked, there will be no error in refusing the latter. *Railway Co.* v. *Krueger,* 124 Ill. 457; *Willard* v. *Swansen,* 126 id. 381.

When a series of instructions, taken as a whole, fully and fairly state the law, and they are not inconsistent or contradictory, they are sufficient. *Railway Co.* v. *Warner,* 123 Ill. 38.

The modification to this instruction stated a correct proposition of law, and the omission of the rule concerning ordinary care was not error. *Railway Co.* v. *Warner, supra.*

If appellant did not desire the instruction given, he might have withdrawn it. He had no right to it even in the form it was given, as it was too favorable to him.

It is the established law of this State, announced and reiterated time and again by your honors, that when it can be seen from the record that the same result must have followed, a judgment will not be reversed for the refusal of a correct instruction or the giving of one that is incorrect. *Railroad Co.* v. *Warner,* 108 Ill. 538; *Town of Wheaton* v. *Hadley,* 131 id. 640; *People* v. *Ritzman,* 110 id. 362; *Hodges* v. *Percival,* 132 id. 53.

Mr. Justice Baker delivered the opinion of the Court:

On Kinzie street, in Chicago, immediately east of Diller street, were four parallel main railroad tracks, the two north tracks operated by the Northwestern Railway Company and the two south tracks used jointly by the Pittsburg, Cincinnati and St. Louis Railroad Company and the appellant company. At and just west of Diller street the two tracks of appellant left said joint tracks, and crossed the Northwestern tracks between Diller street and Western avenue, and then ran northwest across Weston avenue. There were switches at the junctions of appellant's tracks with said joint tracks, and the deceased, who was an employe of the Pittsburg, Cincinnati and St. Louis company, was the switchman in charge of said switches. North of the Northwestern tracks, and at the intersection of said tracks with the tracks of appellant, was a semaphore stationed there for the purpose of controlling said crossing. South of the tracks and east of the switches was the switch shanty, where was kept a record of all trains passing over the tracks. At about five o'clock in the morning of April 7, 1882, the switches leading from the joint main tracks to appellant's tracks were set against appellant's tracks and straight for the tracks of the Pittsburg, Cincinnati and St. Louis Co., and the semaphore at the Northwestern crossing was set for the Northwestern to use its own tracks. Two engines of appellant, No. 537 and No. 244, were proceeding west on the south joint track, and came to a full stop,—No. 537 to the west of the shanty and No. 244 at a point some fifty or sixty feet to the east of it,—and a long Northwestern freight train was passing east on the Northwestern tracks. When the engines stopped on the south track, one Tate, an employe of appellant, threw the switch so that said engines could proceed across the Northwestern tracks, and as soon as the Northwestern train had passed the crossing the semaphore was thrown for the tracks of appellant, and No. 537 proceeded

on through the switch and across the Northwestern tracks. During the time of these transactions the deceased was in the switch shanty, and immediately thereafter left it, with a lantern under his arm, and started upon and across the south track in order to get at the switch. While he was so going towards the switch, engine No. 244 started, and, as the evidence tends to prove, with the windows of the cab down, without blowing a whistle or ringing a bell, and with no one looking ahead, and came up behind the deceased and ran over him and killed him.

Upon the cross-examination of Guy Woolston, a witness for appellee, he stated that engine No. 244 was standing on the track some forty or fifty feet east of the switch shanty, with her cylinder cock open and blowing off steam, and he was then asked whether the deceased could have heard it, but the court sustained an objection to such question. We think there was no error in this. It does not appear that the witness was either in or near the shanty, and the jury was just as capable of drawing a conclusion whether or not the deceased heard the steam escaping as the witness. So, also, said witness stated that the switch shanty was some sixty or seventy feet east of the switch, and that the engine went about one hundred feet before it struck deceased, and that from the time it started there was no obstruction between it and deceased; that he, the witness, was about fifty or sixty feet north and east of the place where the deceased was killed, and that it was daylight, and he could see the accident perfectly plainly. An objection was then sustained to a question whether deceased could have seen the engine if he had looked. It was simply a matter of common observation, and we think it would not have been improper to have allowed the question to be answered. At the same time, it was not error to sustain the objection, and leave it to the jury to draw the proper conclusion from the facts stated. In other words, it was a matter within the sound legal discretion of the court which course of examination

should be pursued. Besides this, the witness had already stated in his cross-examination, "It was daylight enough so that the boy could see the engine perfectly plainly."

There was no error in permitting appellee to prove that it was a rule and regulation of the Pittsburg, Cincinnati and St. Louis Railroad Company, or Pan Handle road, in regard to the switch in question, that no one should have the right to turn said switch except the switch-tender; that it was the duty of the switch-tender to turn the switches at that locality and give signals to approaching trains, and that it was the duty of employes in control of engines to stop and wait until the switch-tender gave a signal to go ahead. The tracks east of the switch were joint tracks, but the switch was in charge of the Pan Handle company, and the deceased was an employe of said company. Evidence of said rule and regulation, and of the usual and customary mode of running trains there, was clearly admissible for the purpose of shedding light on the conduct of the deceased at the time he was killed, and as bearing on the averment of his exercise of ordinary care and diligence, —and this regardless of any question whether appellant had any such rule or regulation in regard to said crossing, or its employes in charge of trains were notified of the existence of such rule of the Pan Handle company.

The third instruction given for appellee is challenged. If it was an instruction that purported to state hypothetically the elements necessary to constitute a cause of action it would manifestly be bad, for it omits the requirement of ordinary care, wholly ignores the question of contributory negligence, and does not even require the jury to find that the negligence complained of resulted in the death of the deceased. It is not, however, an instruction of that kind, but relates merely to the measure of damages in the event a legal right of recovery is shown. The declaration alleges the negligent acts of appellant, that the death of the intestate was caused thereby, and that said intestate, at the time he was killed, was in the

exercise of due care. The court instructed the jury, that if they believed, from the evidence, that the plaintiff had made out his case as laid in his declaration, then they should find for the plaintiff. This imposed upon the plaintiff the burden of establishing all three of the elements necessary to constitute the cause of action,—the negligence, the consequent death, and ordinary care on the part of the deceased. Then followed the instruction in question in regard to the damages to be assessed, if the jury found the defendant guilty as charged in the declaration. The instruction is almost identical with those passed on by this court in *Chicago, Burlington & Quincy Railroad Co.* v. *Payne,* 59 Ill. 534, in *Chicago, Milwaukee & St. Paul Railway Co.* v. *Dowd,* 115 id. 659, and in *Pennsylvania Co.* v. *Marshall,* 119 id. 399, and in all three of said cases held to be an instruction not to be regarded as one stating the law in regard to negligence, but simply as one relating to the measure of damages in case the plaintiff should recover, and also held not to be erroneous. The only difference between the instructions involved in those cases and that now at bar is, that here the fact of the death of the intestate was caused by the negligence is not stated in the instruction,— which makes it still more plain that it was not the office of the instruction to lay down any hypothesis that would be the basis of a right of recovery in the administrator of the deceased.

The cases of *Rolling Mill Co.* v. *Morrisey,* 111 Ill. 646, and *Chicago & Alton Railroad Co.* v. *Murray,* 62 id. 326, cited by appellant, are plainly distinguishable from this, since the instructions in each of those cases purported to state the facts which would show a right of action; and *Chicago, Burlington & Quincy Railroad Co.* v. *Harwood,* 80 Ill. 88, and *Chicago & Northwestern Railway Co.* v. *Dimick,* 96 id. 42, were sufficiently considered and commented on in the *Marshall case.*

We are wholly unable to surmise any good or sufficient reason that the trial court could have had for eliminating from

instruction 3, asked by appellant, the clause, "even if you should also find that the defendant was guilty of some act or acts of negligence as charged in the declaration." We think the instruction might well have been given in the form in which it was when submitted to the consideration of the court. But, striking out said clause did not constitute reversible error. It did not change the meaning of the instruction, or narrow it. As given it gave all the law of the case that was favorable to appellant strongly and forcibly, and the matter that was contained in the clause that was stricken out was contained in the instruction as it was read to the jury, by necessary implication, and in our opinion could not possibly have been understood otherwise.

Instruction 4, asked for appellant, was argumentative, and ignored the fact that engine No. 244 was standing still on the track east of the switch shanty when the deceased first got on the track and started to go to the switch, and is not based on the evidence in its suggestion that deceased carelessly and negligently stepped upon the track in front of an approaching engine. Besides this, the legal principle upon which it was based was fully given to the jury in instructions 2 and 3, and as favorably for appellant as the law would justify. It is quite manifest that there was no error in refusing it. The modification that was made to it by the court did not help it. It still contained its objectionable features, of which appellee might well have complained. The modification was, that the verdict must be for the defendant if the deceased "was killed in consequence of his own carelessness and negligence." Of course, this was a sound legal proposition; but said instruction was merely cumulative on the subjects of reasonable care and contributory negligence, and in instruction 2 the jury was told that if there was a failure to exercise reasonable care which materially contributed to the accident, then their verdict must be for the defendant, and instruction 3 was of like import. And so the result is, the modification made by the

court to said instruction 4 was correct in point of law, but did not state the law as strongly for appellant as it might have been stated. And instructions 2 and 4 supplemented, as it were, said modification, and by the instructions of appellant, as given, the whole doctrine of contributory negligence, as applicable to the case, was as fully and favorably given to the jury as appellant could justly ask.

Several other points of objection to the rulings of the court at the trial are suggested in the brief, but we do not deem it necessary to specially mention them.

We find no substantial error in the record. The judgment is affirmed. *Judgment affirmed.*