## THE ILLINOIS STEEL COMPANY
### *v.*
### STEPHEN DELAC.

*Opinion filed February 18, 1903.*

1. EVIDENCE—*when evidence of physical condition of plaintiff is competent.* Evidence of physicians as to the physical condition of the plaintiff, whom they had examined the day before the trial of a personal injury case, is competent, if the testimony, taken in connection with that of the plaintiff and another witness, sufficiently connects the injuries received by the plaintiff with the physical condition found by the physicians to exist.

2. The decision of the other questions raised in this case is controlled by the cases of *Illinois Steel Co.* v. *McFadden,* 196 Ill. 344, and *Same* v. *Sitar,* 199 id. 116.

*Illinois Steel Co.* v. *Delac,* 103 Ill. App. 98, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

GARNSEY & KNOX, and WILLIAM DUFF HAYNIE, for appellant.

DONAHOE & McNAUGHTON, and JAMES A. McKEOWN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case brought by appellee, an employee of appellant, in the circuit court of Will county, to recover damages for a personal injury received by him while assisting in removing a "bosh plate" from the wall of a blast furnace in the plant of appellant, located at Joliet, the gist of the action, as laid in the declaration, being the negligence of appellant, through its foreman, in ordering the removal of said plate before the blast had been taken off of the furnace, thereby allowing a stream of fire, coke and gas to escape through the opening made by its removal, which resulted in a severe and

permanent injury to appellee. The jury returned a verdict for $5000 in favor of appellee, and on a *remittitur* being entered of $2500, judgment was entered on the verdict for $2500, and an appeal was taken from the judgment of the circuit court to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed. A further appeal has been prosecuted to this court.

This is the third case growing out of this accident which has come to this court. A complete statement of the facts involved will be found in *Illinois Steel Co.* v. *McFadden*, 196 Ill. 344, and *Illinois Steel Co.* v. *Sitar*, 199 id. 116.

Appellant offered at the close of the plaintiff's testimony, (and renewed the offer at the close of all of the testimony,) an instruction directing the jury to return a verdict in its favor, which was refused, and this action of the court has been assigned as error. In the *McFadden* and *Sitar cases*, *supra*, the same motion was made by appellant, and we, on substantially the same facts as presented by this record, held the evidence tended to prove the cause of action as laid in the declaration, and that the court properly declined to give said instruction and committed no error in submitting the issues to the jury, and such must be the holding in this case.

It is insisted that the court erred in refusing an instruction offered by appellant which is admitted by it to be substantially the same as that numbered 18 in *Illinois Steel Co.* v. *McFadden*, *supra*, and which was there held to have been properly refused by the court. Under the authority of that case the court properly declined to give the instruction.

It is next contended that the court erred in not excluding from the jury, on motion of appellant, the testimony of three physicians, who testified that on the day before the trial they made a careful examination of appellee for the purpose of determining his physical condition, and who stated the result of the examination. It

was urged this testimony was incompetent because it did not appear that the physical condition disclosed at the time of the examination was the result of the accident. The testimony of the physicians, taken in connection with that of appellee and the witness Sitar, who was injured at the same time as appellee and who for some time occupied a bed in the hospital adjoining that occupied by appellee, sufficiently connected the injuries received by appellee at the time of the accident with the physical condition found by the physicians to exist at the time of his examination by them, to make their evidence competent. The court properly overruled the motion to exclude this evidence.

Finding no error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*