### Chicago & Alton Railway Company v. Isaac M. Johnson.

#### Gen. No. 4,579.

1. AMENDMENT—*should be by separate instrument.* Amendments to pleading should be made on a separate paper and should not be permitted to be made on the face of the original pleading.

2. PAIN—*how proof of, made.* Any competent witness may be allowed to testify to exclamations or exhibitions of pain and suffering.

3. EXPERT—*when opinion of, competent.* The opinion of a medical expert as to the ailment from which the plaintiff was suffering is competent where predicated upon a physical examination and symptoms discovered without the aid of the declarations of the injured person.

4. COLLATERAL ISSUES—*evidence of, incompetent upon question of negligence.* Questions as to what occurred at other times than the time of the accident are improper as they would only introduce collateral issues and would not tend to prove or disprove the question of negligence at issue in the case.

Action in trespass. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 17, 1906.

J. L. O'Donnell and T. F. Donovan, for appellant; Winston, Payne & Strawn, of counsel.

Reynolds & Purkhiser, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This is a suit in trespass begun by appellee against appellant on April 30, 1903, for an injury alleged to have occurred February 3, 1903. The declaration consists of two counts, the first count containing the necessary allegations to state a cause of action against appellant for injuries claimed to have been sustained by appellee near the passenger depot of appellant in the city of Joliet, alleging the occupation of a part of a public street in connection with its depot for depot purposes and alleging the negligence of appellant to be the negligent loading of a baggage truck and the careless moving and jerking of such truck whereby a heavy trunk was thrown upon and injured the foot and ankle of appellee.

The second count as originally filed is in substance like the first, with the further allegation "that the servants and agents of appellant negligently and wantonly and wilfully pushed and pulled said truck negligently loaded," and that by reason of the "negligent, reckless, wanton and wilful acts," etc., of appellant, appellee was injured.

After the close of all the evidence appellant moved to exclude all the evidence and for a peremptory instruction, first as to both counts, and the motion being overruled, then as to the second count; then the appellee entered a cross-motion for leave to amend the second count by striking out the words "and wantonly and wilfully" and the words "reckless, wanton and wilful," which cross-motion was allowed, and the amendment filed upon a separate sheet of paper, and a plea filed to the second count as amended. The jury

returned a verdict for $1,700, and a motion for a new trial being overruled judgment was rendered on the verdict.

The facts as disclosed by the evidence are that appellant's depot is on the north side of Jefferson street in the city of Joliet; on the day of the occurrence complained of appellant's passenger train came in from the north about ten o'clock in the evening, the passenger coaches stopping in front of the depot, the train extending south across Jefferson street, its baggage car being south of the street. After the arrival of the train the baggageman started towards the baggage car, from the depot, with a four-wheel truck about thirty inches high, he says loaded with one large heavy iron-bound drummer's trunk standing on end, while appellee and several witnesses say the trunks were piled three tiers high. The baggageman says he walked rapidly and called to the crowd of people to "get out of the way." There was an incline from the depot platform to the street. Appellee had gone to the train with his buggy to meet some friends whom he expected to arrive on it and was standing on the street between the curbing and the street car track near the train. He stepped back three feet out of the way of the truck, and as it passed a large trunk fell several feet from the top of the load on the truck striking his foot, permanently injuring him. No question of fact is raised by the appeal, but only questions of law.

The proposition is attempted to be made by appellant that because the amendment of the second count was not made by erasing the words "wanton and wilful," etc., upon the original declaration, but on a separate sheet, therefore the declaration stands as originally drawn, and there being no evidence of wilfulness, "that the jury were justified in looking to the declaration to see in what manner the several acts of negligence, omission of duty or wilful misconduct were charged, and that the second count of the declara-

tion became a part of the instructions which referred to the whole declaration.''

The amendment was not only properly made and filed, but was made in the manner most approved by the courts. Amendments to pleadings should be on a separate paper, and should not be permitted on the face of the original pleading. The method of amending pleadings by erasure upon the original papers has repeatedly been condemned. Garrity v. Wilcox, 83 Ill. 159; Stanberry v. Moore, 56 Ill. 472; W. C. R. R. Co. v. Wieczorek, 51 Ill. App. 498.

The record does not show whether the jury took the declaration to the jury room or not. If they took the original declaration they would also have the amendment, and there could be no misunderstanding about the amendment, and we are unable to see any reason for complaint in the action of the court.

Error is assigned upon the admission of evidence in this: a question was asked in cross-examination of a witness by counsel for appellant, how appellee acted while in bed. The witness answered: ''He was groaning and complaining of it hurting him, and so on.'' On motion all the answer after the word ''groaning'' was excluded. Appellant insists the whole answer should have been excluded. The ruling of the court was proper, for the reason that ''Any competent witness to exclamations or exhibitions of pain and suffering may be allowed to testify to them.'' They are exclamations of present pain and suffering, and the usual expressions of such feeling are original evidence. West Chicago St. R. R. Co. v. Carr, 170 Ill. 478.

It is insisted that the opinion of a physician who examined appellee was improperly admitted, appellant claiming said opinion was derived, in part, from subjective symptoms. The physician testified that he had been the family physician, he visited appellee professionally in February, 1903, he made an examination of the foot, found it badly swollen and examined appel-

lee at his house a few days later and on other occasions, and that he found a permanent stiffness in the instep, and the foot has to turn outward in walking. The witness, upon the cross-examination, stated he had talked with appellee, but also expressly stated his opinion was formed solely upon his personal examination and not upon any conversation, and in the direct examination the physician spoke only of his personal examination. The evidence is competent when it is stated as it is in the record in this case, the opinion being based upon the personal examination and not upon any statement of the party examined. Illinois Steel Co. v. Delac, 201 Ill. 150; West Chicago Street R. R. Co. v. Carr, *supra*.

Appellant has assigned error in the court sustaining an objection to the question, "Now, have you since that time or before, while you were using that truck or that kind of trucks, had any accident or trouble with trunks falling off?" asked on behalf of appellant of Kelly, the baggageman in charge of the truck when appellee was injured. The objection was properly sustained for the reason that whether he was negligent or exercising ordinary care, either in piling trunks three tiers high, or, as he himself puts it, "walking real fast" with a large trunk up on end on the truck down an incline to the street, hurrying through a crowd from the depot to a baggage car across a public street, would be neither proved nor disproved by what had happened to him at other times under different circumstances. The care or negligence of the employee, either in loading the truck, or managing it at other times, so that large, heavy trunks were not thrown off, or did not fall off sideways upon a crowded platform or street, at other times would only raise collateral issues, and not disprove negligence upon this occasion. Hodges v. Bearse, 129 Ill. 87; M. & O. R. R. v. Vallowe, 214 Ill. 124.

Appellant insists there was error in giving the

fourth, seventh and eighth instructions given on behalf of appellee, and argues that they were inconsistent with appellant's nineteenth. Number four is: "The court instructs the jury that, if you believe from the evidence that the plaintiff has proved his case as laid in his declaration herein, or either count thereof, then you will find the issues for the plaintiff." This instruction has been so repeatedly approved by the Supreme Court that this court cannot add to what that court has said. Laflin & Rand Co. v. Tearney, 131 Ill. 325; Penn. Co. v. Marshall, 119 Ill. 399; Ry. Co. v. O'Sullivan, 143 Ill. 48. The appellant's nineteenth instruction told the jury that if they believed from the evidence "said baggageman placed said trunk upon said truck in an ordinarily careful and prudent manner, and said trunk fell off said truck and injured plaintiff, and that the falling off of said trunk was due to an accident that could not have been foreseen by the use of ordinary care and prudence," then they should find the defendant not guilty. There was nothing inconsistent with the instructions for appellee, as is claimed by appellant. Each was dependent for its effect upon what the jury believed the evidence proved, and stated the legal result that would follow the finding of facts, as each party claimed the facts were upon a consideration of all the evidence.

The instructions were unobjectionable, we have not been able to find any error in the case, and it will be affirmed.

*Affirmed.*

Mr. Presiding Justice Dibell, having tried this case in the court below, took no part in this court.