Sophia Rastetter, Administratrix, Appellee, v. Peoria
Railway Company, Appellant.

Gen. No. 4,985.

1. TRIAL—*province of jury.* It is the province of the jury to
pass upon conflicting testimony and to determine what facts are
established by the greater weight of the evidence.

2. ORDINARY CARE—*what required of child.* A child is only bound
to the exercise of such care as would reasonably be expected of
a person of his age, capacity, experience, intelligence and ability
to understand and comprehend danger and to care for himself.

3. NEGLIGENCE—*when company guilty of, at street crossing.*
*Held,* from the facts of this case, that the verdict of the jury was
justified, it appearing that a child was killed at a street crossing
and the evidence tended to show the running of the car at an
excessive rate of speed, without a headlight and without the ring-
ing of a gong.

Action in case for death caused by alleged wrongful act. Appeal
from the Circuit Court of Peoria county; the Hon. NICHOLAS E.
WORTHINGTON, Judge, presiding. Heard in this court at the April
term, 1908. Affirmed. Opinion filed August 10, 1908.

MR. JUSTICE DIBELL delivered the opinion of the
court.

At about eight o'clock P. M. of December 24, 1906,
William Rastetter, fifteen years of age, was struck
by a street car operated by appellant at the intersec-
tion of two well travelled streets in the city of Peoria,
and was dragged under its front wheels, and received
such injuries therefrom that he died within two hours.
He left next of kin, for whose benefit the administra-
trix of his estate brought this suit to recover for the
loss. The declaration charged in different counts,
that the deceased was exercising due care for his per-
sonal safety; that there was then in force in said city
an ordinance requiring the conductors and owners of
street cars operated in the streets of the city to keep
a vigilant watch for persons on the track, and on the

first appearance of danger to such persons to stop the car in the shortest time and space possible; that at said time in question appellant failed to ring a bell or sound a whistle or otherwise to notify deceased that a car was being propelled at a high and dangerous rate of speed; that said car was obscured from view by another car going in the opposite direction on an adjoining track; that there was a want of light to enable deceased to see the car at any considerable distance away; that the driver of the car failed to keep vigilant watch, as required by the ordinance, and that said car did not have a suitable and proper fender; that the car was operated at a high and dangerous rate of speed by careless and negligent servants of appellant, incompetent to operate said car; and that by reason of these things, deceased was struck and killed. Upon a jury trial appellee had a verdict and a judgment, from which defendant below prosecutes this appeal. While numerous errors are assigned, the only points made here are that the court erred in not giving an instruction to find appellant not guilty at the close of all the evidence, and in not granting a new trial for lack of evidence to support the verdict.

Appellee's proof was to the effect that this street crossing was in a busy but not crowded part of the city; that deceased approached the street car track and waited to let a car pass north and up hill on the track nearest him, and then immediately started across the street after that car had passed; that he was immediately struck by a Lincoln avenue car going in the opposite direction; that said car was ten minutes behind time, and that it was going six or eight miles per hour; that it had no headlight and no gong was sounded; that about forty-five feet or so behind it on the same track was a Second street car on time and burning a headlight; and that the Lincoln avenue car struck the deceased and he rolled under

its front wheel and was crushed and carried along until the car could be stopped. The evidence for the appellant was to the effect that the car was going about three miles per hour; that the motorneer was then stopping the car for the purpose of taking on passengers at that side of the street crossing; that the headlight was burning and the gong was sounded; that the motorneer was looking ahead and did not see deceased till just before he was struck. The only witness who saw the whole occurrence testified for appellee that there was no headlight. The men in charge of the car testified that there was. It is earnestly insisted that the proof does not show that the boy was exercising due care, and that the clear preponderance of the evidence is that the headlight was burning, the gong sounding, the speed of the car slow, and that all proper precautions were taken.

It was held in Chicago City Railway Company v. Robinson, 127 Ill. 9, that the fact that a person steps upon the track of a street railroad at a street crossing in a city without first stopping and looking to see whether a car is approaching is not negligence and a want of ordinary care as a matter of law, without regard to surrounding circumstances; and that to run a street car in one direction at rapid speed without signal or warning over a sidewalk crossing, where the view of it is obstructed by a car bound in the opposite direction and discharging passengers at such crossing, is conduct tending to prove negligence, even if the speed of the car is within the limits established by ordinance. It was held in Chicago City Railway Co. v. Tuohy, 196 Ill. 410, that those in control of a street car are required to exercise a greater degree of care or watchfulness at street intersections than at other places along the route; that the increase of danger to the public at such crossings demands a corresponding increase of vigilance and energy on the part of the men in charge of the car, who ought to

notice whether the track is clear when they approach such crossings, and that this rule applied in that case where the child struck was twenty feet from the crossing. It was held that said child had as much right to be upon the street as the railway company, and that the street railway company had no right to run its cars at a rate of speed which would interfere with the customary use of the street by the public with safety. In Chicago City Railway Company v. Fennimore, 199 Ill. 9, the same rules of law were again announced, and a greater degree of watchfulness was required at street intersections than elsewhere. In Chicago & Joliet Railway Company v. Wanic, 230 Ill. 530, the same rule was applied to a locality, outside of a city, which was thickly settled and where there was little opportunity for one coming upon the track from adjoining houses to see an approaching car.

These being the rules of law governing this case, it is obvious that at the close of all the evidence there was testimony which strongly tended to establish a case for plaintiff. On a motion to direct a verdict the trial judge is not at liberty to weigh the evidence. It would therefore have been error for the court to direct a verdict for appellant. It is the province of the jury to pass upon conflicting testimony, and to determine which facts are established by the greater weight of the evidence. This jury decided these conflicting questions in favor of appellee. If there was no headlight on the Lincoln avenue car and the view of the Lincoln avenue car by the deceased was obstructed by the car passing in the opposite direction, it may well be that he looked and did not see the Lincoln avenue car, but did see the headlight on the Second street car and correctly decided that he would have time to pass over the track before it would reach that point, and therefore believed himself secure in passing on. He was but a child, and only bound to exercise such care as would reasonably be expected

of a child of his age, capacity, experience, intelligence, and ability to understand and comprehend danger and to care for himself. Star Brewing Co. v. Hauck, 222 Ill. 348; McGuire v. Guthmann Transfer Co., 234 Ill. 125. The jury were very fully instructed upon the subject that the deceased should have exercised due care. We cannot say that the jury should have found that due care by the deceased was not proven. There is unusual danger to foot passengers when cars pass in opposite directions at a street crossing, and in such a case the men in charge of the car should have it under full control. The distance which this car passed (some twenty-five or thirty feet), after the motorneer saw the boy and knew the car had struck him, coupled with his claim that he was already trying to stop his car, and also with the fact that the car was ten minutes behind time, had a tendency to show that the car was going at a rate of speed much in excess of three miles per hour, and might by the jury be fairly found to be a negligent operation of the car, even if the headlight was burning and the gong sounding. If the headlight was not burning or the gong was not sounded, then a clear case of negligence is established. While it may be that there were more witnesses favoring the contentions of the appellant than of the appellee, yet the jury and the trial judge saw the witnesses and heard them cross-examined, and after they have both determined the issues in favor of appellee we do not find the proof in such a condition that we would be warranted in disturbing their conclusions.

The judgment is therefore affirmed.

*Affirmed.*