### August Prante, Appellant, v. John J. Hartman, Appellee.

### Gen. No. 5582.

1. APPEALS AND ERRORS—*what not part of record.* A bill of particulars is not a part of the record proper unless incorporated in a bill of exceptions.

2. INSTRUCTIONS—*when special accuracy required.* Where the case is close on the facts the instructions must be peculiarly accurate.

3. INSTRUCTIONS—*ignoring material fact.* An instruction is erroneous which ignores a material fact involved in the controversy.

4. INSTRUCTIONS—*what essential where verdict is directed.* It is not required that one instruction shall state all the law, and the instructions may supplement each other and supply defects, but where an instruction directs a verdict upon certain conditions it must state the conditions correctly.

Action commenced before justice of the peace. Appeal from the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND,

Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 13, 1912.

WITTE & MANUS, for appellant.

ROSCOE J. CARNAHAN, for appellee; ROBERT P. ECKERT, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

August Prante sued John J. Hartman before a justice of the peace of Stephenson county to recover for wages of his minor son, a set of horse shoes and the use of a horse. Hartman pleaded a set-off based on a charge for the care and keep of Prante's stallion. Prante obtained a verdict and a judgment, from which Hartman appealed to the Circuit Court of said county. On a trial there the jury found the issues for Hartman on the plea of set-off and assessed his damages at $7. Judgment was entered on the verdict and Prante prosecutes this appeal.

It is stated in both briefs that each party amended his bill of particulars in the Circuit Court, appellant adding thereto damages to the stallion, and withdrawing his claim for horse shoes and the use of the horse; appellee increasing the value of his services and also adding damages done by the stallion. As the bills of particulars are not a part of the record and were not incorporated in the bill of exceptions, we cannot know what information they contained. Hess Co. v. Dawson, 149 Ill. 138; Chicago Attachment Co. v. Davis S. M. Co., 33 Ill. App. 362; Robinson v. Holmes, 75 Ill. App. 203. But if amended bills of particulars were filed their omission from the bill of exceptions would in no way affect the issues here for the reason that there was evidence not objected to tending to establish the alleged amendments.

It is not disputed that appellant's fourteen year old son went to live in the family of appellee some

time in the spring of 1908 and remained there most of the time for about three years, nor is it disputed that for the first year he was to receive no compensation other than his board and care, but the evidence as to how much labor he performed and as to whether he was to receive compensation after the first year and what the amount of the compensation should be is in sharp conflict. It is not disputed that appellee kept appellant's stallion for about eleven months. Appellant's proof tended to show that the value of the stallion was reduced from $500 to $200 while in the possession of appellee. Appellee's proof tended to show that the value of the stallion was not depreciated to so great an extent. The testimony bearing upon all the material controverted issues was directly contradictory. That, in behalf of either party, standing alone, would have sufficiently supported a finding in his favor. In such state of the case it is familiar law that the instructions of the court upon the issues must be accurate.

Appellee's second instruction told the jury that appellant was seeking to recover wages claimed to be due him for services rendered by his minor son; that appellee claimed a set-off for services rendered in keeping a certain stallion belonging to appellant, but omitted from the statement that appellant was seeking to recover for damages to the stallion, thus limiting appellant's recovery to the services of his son. Instructions should not ignore any material fact involved in the controversy provided there is some evidence concerning it. Calef v. Thomas, 81 Ill. 478; Chicago Packing and Provision Co. v. Tilton, 87 Ill. 547; C. M. & St. P. Ry. Co. v. O'Sullivan, 143 Ill. 48.

Appellee's third instruction told the jury that if they believed from all the evidence that appellant was entitled to recover for the services rendered by his son and if they further believed from a preponderance of the evidence that appellee was entitled to recover

for services rendered by him in caring for the stal-
lion, if the difference was for appellee they should
find for him and if the difference was for appellant
they should find for him. This instruction again lim-
its appellant's recovery to services rendered by the
son and directs a verdict for appellee if what they
allowed for appellant's son is less than what they al-
lowed for services in keeping the stallion. The omis-
sion from the instruction of the element that appel-
lant was also seeking to recover for damages to the
stallion was not cured by any instructions in the case
and could not be. It is not required that one instruc-
tion shall state all the law, and the instructions may
supplement each other and supply defects, but where
an instruction directs a verdict upon certain conditions,
it must state the conditions correctly. W. St. B. &
P. Ry. Co. v. Rector, 104 Ill. 296; Correll v. Payson,
170 Ill. 213; Ill. Iron and Metal Co. v. Weber, 196 Ill.
526.

The prejudicial effect of these instructions cannot,
we think, be doubted, and because they were given,
the judgment must be, and is reversed.

*Reversed and remanded.*