# W. Arthur Latham, Appellee, v. Cleveland, Cincinnati, Chicago, & St. Louis Railway Company, Appellant.

## Gen. No. 5,740.

1. INSTRUCTIONS—*reference to declaration*. An instruction that the questions involved as alleged in the plaintiff's declaration, except the second and third counts thereof, of negligence on the part of defendant, and the exercise of reasonable care and control of plaintiff's property, are what are known as questions of fact, which it is the duty and province of the jury to determine under the law and evidence in the case, is not erroneous in referring to the declaration.

2. AUTOMOBILES—*allegation of due care*. In an action for damage to an automobile resulting from a collision, an allegation that plaintiff by his agent was driving said automobile with due care and diligence is a sufficient allegation of due care.

3. AUTOMOBILES—*instructions as to conduct of chauffeur at time of collision*. In an action for damage to an automobile resulting from a collision, an instruction directing the attention of the jury to the conduct of the chauffeur at the time of the accident to determine whether plaintiff was in the exercise of due care is proper.

4. AUTOMOBILES—*when education and training of chauffeur is not at issue*. In an action for damage to an automobile resulting from a collision, it is improper to instruct the jury that one of the issues is whether the chauffeur was competent and that the burden of proof is on plaintiff to show that he is.

5. AUTOMOBILES—*whether chauffeur exercised due care*. In determining whether a chauffeur was in the exercise of due care at the time of a collision it is immaterial whether he was educated or uneducated in the business.

6. INSTRUCTIONS—*reference to declaration*. Instructions should not refer the jury to the declaration to determine what the issues are.

7. INSTRUCTIONS—*where one count does not state complete cause of action*. It is error to instruct the jury that plaintiff is entitled to recover if he has proved any one count of his declaration where there is one count that does not state a complete cause of action.

8. INSTRUCTIONS—*as to obstructing highway*. An instruction as to the effect of obstructing a highway "as charged in the declaration" is not erroneous because of such reference to the declaration.

9. AUTOMOBILES—*contributory negligence*. Where an instruction as offered directs a verdict for defendant if the jury believe plain-

tiff was violating Sec. 10 of the "Motor Vehicle Law" it is properly modified so as to provide that such negligence must have contributed to the injury.

10. NEGLIGENCE—*violation of statutory regulations*. While the disregard of statutory regulations by defendant as to speed of trains, giving signals, etc., is negligence *per se*, yet proof of such negligence does not entitle plaintiff to recover, without further proof that it caused the injury complained of.

11. EVIDENCE—*burden of proof*. The burden of proving that defendant's negligence in violating a statutory regulation caused the injury is on the plaintiff.

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. Rehearing denied April 3, 1913. *Certiorari* denied by Supreme Court (making opinion final).

W. R. HUNTER, for appellant; GLENNON, CARY, WALKER & HOWE, of counsel.

COOPER & HOBBIE, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

This is an appeal from the second jury trial in this case. A statement of the pleadings and evidence in the first trial is found in 164 Ill. App. 559. The pleadings have not been changed and the evidence shows the facts as recited in that opinion, except the track crosses the street at the point in question from northwest to southeast instead of northeast to southwest as there stated. The law as to the measure of damages announced by this court in that opinion was followed. No instruction was given based on proof of "the allegations contained in one or more counts of the declaration." The second instruction which we there criticise as an a tract proposition of law was changed by directing it specifically to the crossing in question. No material error in admitting or refusing evidence is pointed out, but it is urged that the court erred in giving instructions for the plaintiff and

in modifying two of the twenty-eight instructions read for the defendant.

The first of plaintiff's instructions given read, "The Court instructs the jury that the questions involved herein, as alleged in the plaintiff's declaration, except the second and third counts thereof, of negligence on the part of the defendant, if any, and the exercise of reasonable care on the part of those in charge and control of the plaintiff's property, if any, are what are known as questions of fact, which it is the duty and province of the jury to determine under the law and the evidence in the case." Substantially the same instruction was approved in Chicago & J. Elec. Ry. Co. v. Patton, 219 Ill. 214, and has been approved in several other cases in our Supreme and Appellate Courts. But it is argued that it is bad in this case, because it sends the jury to the declaration to determine what negligence, if any, was alleged, and it is said that the first count in the declaration is bad in not alleging due care on the part of the plaintiff at the time in question. The allegation in that count is: "And while plaintiff, by his agents, with all due care and diligence was driving said automobile on Hobbie avenue across said right of way." It is insisted that this is not equivalent to an allegation of due care on the part of the plaintiff and suggested that the plaintiff might not have been in the exercise of due care in the selection of his chauffeur. Some evidence was introduced on the question of the training of the chauffeur, and the court, at the instance of appellant, instructed the jury that one of the issues in the case was whether he was a competent chauffeur and that the burden of proof was on plaintiff to show that he was. There was, in our opinion, no such issue in the case. The question was whether the chauffeur at the time and place was in the exercise of due care. If he was up to that standard, it is entirely immaterial whether he was educated or uneducated in the business. If he was not, it is quite as immaterial that he may have been the best educated and most skilful of chauffeurs.

The plaintiff himself was not present at the time of the accident and there is no suggestion that anything he did, or failed to do other than hiring Dole, the chauffeur, had any influence on the occurrence. The court at the instance of appellant instructed the jury that the acts and conduct of the chauffeur were the acts of the plaintiff, and if the collision occurred by reason of the lack of due diligence on the part of the chauffeur, the plaintiff could not recover. Under the evidence in this case the court properly directed the attention of the jury to the conduct of the chauffeur at the time of the accident to determine the question whether the plaintiff was in the exercise of due care. It is not error to refer to the declaration in instructions to the jury. It is common practice to refer in instructions to various matters ''as claimed in the declaration.'' It is true, as held in Krieger v. Aurora, E. & C. R. Co., 242 Ill. 544; Devaney v. Otis Elevator Co., 251 Ill. 29, and Cantwell v. Harding, 249 Ill. 354, that the jury should not be sent to the declaration to determine what the issues are, and that it is error to instruct them that the plaintiff is entitled to recover if he has proved any one count of his declaration in cases where there is one count that does not state a complete cause of action. And it is also true that it is ordinarily useless to refer the jury to the declaration; that, in practice, the declaration is often not sent to the jury room, and almost never read to them; that if it was they would not very well understand it. But in this state the practice has been so long and firmly established of qualifying many phrases in instructions by the words, ''as charged in the declaration'' that error cannot be predicted on that qualification until the law in that respect is changed. Plaintiff's fourth instruction read: ''You are instructed by the Court that the defendant had no right to obstruct a public highway by stopping any train, or by leaving any car or locomotive engine standing on its track,

where the same intersects or crosses such public highway, except for the purpose of receiving or discharging passengers or freight, or for taking in or setting out cars, or to receive the necessary fuel and water, and in no case to exceed ten minutes for each train, car or locomotive engine. And if you believe from a preponderance of the evidence that the defendant did so obstruct a public highway, as charged in the declaration, and that by reason of said obstruction and as the proximate result thereof, plaintiff's property was injured as charged in the declaration, and if you further believe from a preponderance of the evidence that plaintiff's employe, in charge of plaintiff's automobile, was at all times in the exercise of ordinary and reasonable care for the safety of said automobile, then and in that case you will find for the plaintiff.'' This instruction is attacked on the ground that it sends the jury to the declaration to ascertain what obstruction is there charged, and it is said that there is no charge in the declaration that appellant obstructed public travel. The seventh count charged obstructing a public highway in violation of the statute, substantially as stated in the instruction and averred that in so doing appellant obstructed view and hearing, but that averment did not lessen the force of the allegation of obstructions in violation of statutory provisions, and left the court very properly to instruct the jury what those provisions are, and if appellant did so obstruct the street and it was the proximate cause of the injury, and the plaintiff was at the time in the exercise of due care as stated in the instruction, we see no reason why a verdict for plaintiff would not necessarily follow. Other of plaintiff's instructions are objected to for reasons that, so far as they seem important to us, have been answered above. We find no material error in plaintiff's instructions. The court modified an instruction for appellant by inserting the words enclosed in parenthesis, so that it read as follows: ''The statute of this state provides that

Latham v. C., C., C. & St. L. Ry. Co., 179 Ill. App. 324.

no person shall drive an automobile upon any public highway at a greater speed than is reasonable and proper, having regard to the traffic and the use of the ways, or so as to endanger the life or limb, or injure the property of another, and if you believe from the evidence that the automobile in question at the time of the collision, was being driven at a greater speed than was reasonable and proper, having regard to the traffic and use of the street at the place in question, or was driven so as to endanger the life or limb or injure the property of another (and that thereby the driver of the automobile contributed to the injury complained of), then under the law you should find the defendant not guilty?'' It is urged that there was material error in refusing the instruction as asked and in its modification as read. The instruction as offered directed a verdict for defendant, if the jury believe from the evidence the plaintiff was at the time of the collision violating the provisions of Section 10 of the ''Motor Vehicle Law'' then in force. We held on the former hearing of this case that it was immaterial whether the chauffeur wore a badge in sight as required by the statute, as the location of the badge in no way contributed to the accident. It is settled law in this state that while the disregard of statutory regulations by defendant as to speed of trains, giving of signals, etc., is negligence *per se,* still proof of such negligence does not entitle the plaintiff to recover without further proof that it caused the injury complained of. Chicago & R. I. R. Co. v. McKean, 40 Ill. 218, and many cases cited and following that case.

The burden of proof is on the plaintiff to show the neglect caused the injury. Quincy, A. & St. L. R. Co. v. Wellhoener, 72 Ill. 60. The Supreme Court has applied this principle to the plaintiff, as well as the defendant, and held in the case of an engineer killed while running his engine in violation of a speed ordinance that while his conduct was negligence *per se,*

it did not preclude recovery for his death, unless that negligence contributed to the injury. Lake Shore & M. S. R. Co. v. Parker, 131 Ill. 557, and with a similar question before it, the Supreme Court said in Star Brewery Co. v. Hauck, 222 Ill. 348: "Even, if deceased had been engaged in the violation of an ordinance, to bar a recovery on that ground it must appear that such violation of the ordinance was the proximate and efficient cause of the injury." It will be seen from these authorities that the court did not err in either refusing the instruction as offered or modifying it as given. It is not claimed that the damages awarded by the jury are excessive. There was much conflict in the evidence upon several questions material to the issues, but in our opinion the verdict is supported by the evidence.

We find no material error of the trial court in his instructions to the jury, therefore the judgment will be affirmed.

*Affirmed.*