## Frances Sehnert, Appellee, v. Schipper & Block, Incorporated, Appellant.

### Gen. No. 6,035.

1. NEGLIGENCE, § 23*—*when nuisance caused by encroachment of vestibule into street proximate cause of injury to customer leaving store.* The encroachment of a store vestibule into a street so as to constitute a public nuisance, does not amount ·to negligence which is the proximate cause of an injury. sustained by a customer in leaving the store, as the result of a door. in the vestibule, and wholly within the street, swinging back against him.

2. NEGLIGENCE, § 42*—*when negligence presumed from happening of accident.* An inference of negligence on the part of the owner of a store cannot be drawn from the fact that a customer in leaving the store was injured by a door swinging back against him.

3. NUISANCE, § 79*—*when person injured in vestibule of store constituting public nuisance not a pedestrian.* A customer who was injured by a door swinging back against him as he was leaving a store vestibule cannot be held to have been a pedestrian by reason of the fact that the vestibule encroached on a street so as to constitute a public nuisance.

4. NEGLIGENCE, § 93*—*contributory negligence of person injured by door while leaving store.* A customer who was injured while leaving a store by a door swinging back against him, *held* not to have been guilty of contributory negligence.

NIEHAUS, J., took no part in this decision.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1914. · Reversed with finding of facts. Opinion filed March 9, 1915. Rehearing denied June 22, 1915. *Certiorari* denied by Supreme Court (making opinion final). .

STEVENS, MILLER & ELLIOTT, for appellant; J. C. M. CLOW, of counsel.

MANSFIELD & COWAN, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal from a judgment against appellant, Schipper & Block, Incorporated, in favor of Frances Sehnert, appellee, in an action on the case brought by her to recover for an injury to her person resulting from a collision with a swinging door.

Appellant operates a large department store on Adams street in the city of Peoria, Illinois, the main entrance to which is through a vestibule or lobby ex· tending parallel with the lot and street line about twenty feet, and the other way from the store proper to the street, about fifteen feet including in the inclosure a strip of the street about three feet wide. At each end of this entrance way, on the street, there is a pair of heavy swinging doors equipped with springs. The space occupied by these swinging doors, at rest and in motion, is mostly, perhaps entirely, outside the lot line and in the street. There are two pairs of similar doors in the inside of the vestibule leading to the store proper. The whole entrance way is inclosed, and in cold weather heated, affording a comfortable place for customers of the store to wait for street cars or other conveyances.

Appellee went to the store December 31, 1906, as a customer, and as she was leaving and about to pass out of one of these outside doorways some third person passed rapidly out, opening the one of the double doors nearest the building and letting it loose so that it came back with force and in some way set the other of the pair, the companion door, in motion so that it suddenly came back and struck appellee a violent blow on her right thigh and leg, knocking her down. She was soon able to go home unattended, but later it developed that the injury was very serious, and the result is paralysis, from which she became almost helpless.

This suit was begun April 29, 1910, and was before this court, on appeal, on questions arising on the pleadings. Our opinion is reported in 168 Ill. App.

245.   The declaration before this court at that time charged in different counts that the doors were improperly constructed and hung, that appellee was a pedestrian using the streets, and also that the doors were outside the lot line and in the street.   We held that the declaration and different counts thereof stated a cause of action, but did not undertake to say what significance, if any, should be given the fact that the doors were in that part of the building outside of the lot line in the street.   Counsel unite in saying that since the case was remanded it has been three times tried by a jury.   The first and second trial each resulted in a verdict for the defendant and a new trial granted by the court because of some error of law. The record before us shows a jury trial with verdict and judgment of $10,000 for the plaintiff.   There were two additional counts to the declaration filed just before the last trial, in which the cause of action is based entirely on the charge that the lobby way and doors extended beyond the lot line, and that the plaintiff was about to proceed from the store and through the lobby way and was injured by the swinging door. There is no claim in these last two counts of improper construction or hanging of the doors, and no claim that plaintiff was a pedestrian using Adams street for purposes of travel.   The case seems to have been tried in the court below on the theory of these last two counts, and no proof offered by plaintiff of improper construction or hanging of the doors; and there is no evidence that can be construed in support of an allegation that appellee was at the time in question a pedestrian walking along the street.   If she had been, and while so using the street one of these doors had swung against and injured her, quite a different case would be presented.   Neither is there any room for presumption or inference that the location of the doors three feet over the street line had any influence whatever on the happening of the accident.

Appellee argues that if the doors had not been located on the street the accident would not have occurred in the street, which is true, but it would have occurred three feet from the street line, and the inquiry is whether the fact that it occurred in the street is of any importance in determining the issues here.

Appellee's contention is, that the part of the lobby including the doors extending over the street line is a public nuisance because it is an encroachment on a public street; that it is a nuisance *per se;* that it was negligence on the part of appellant to maintain it there; that it was negligence, because in violation of the statute; that a nuisance is of itself negligence, and if injury flows from it the author is liable; that in case of a nuisance in a public highway it is not material whether such nuisance is properly or improperly constructed or of what material it is made, the author of the nuisance is liable for maintaining it whether it is properly or improperly built; and she cites a great number of authorities supporting these statements of the law of nuisance, and says apparently in answer to appellant's statement that she offered no proof in support of the allegations that the doors were improperly constructed and equipped, that it is immaterial whether they were or not, and it is sufficient that appellant was maintaining a nuisance at this time and place, and that had it not been for the presence of this nuisance the accident would not have happened, therefore the presence of this nuisance at that time and place was the proximate cause of the injury.

The general propositions of law stated by appellee are in the main correct and long established, but in our opinion they do not apply to the situation we are considering, and a rule and application such as is contended for by appellee would lead to absurd results. There are a great many examples of public nuisances, among which are numerous cases of buildings encroaching on public streets and alleys. It is perhaps

common knowledge that many factories are so built, especially with reference to public alleys in our smaller towns and cities. It is a matter of very common occurrence that barns and outbuildings encroach upon and sometimes entirely obstruct public alleys. Suppose the building in question here had been a factory encroaching on a public street or alley and there had been machinery located in part outside and in part inside of the lot line, it would hardly occur to anyone that the liability of the owner for accident occasioned by the use of the machinery could depend upon or be in the least influenced by the question whether the accident occurred one side or the other side of the street line over which the building projected. Any building protruding without authority into a public street or alley is, so far as it encroaches, a public nuisance, and the owner while maintaining it there is acting in violation of the statute, and such violation of statutory law is often said to be negligence *per se*. And any one maintaining a building anywhere on or off the street, with swinging doors at the entrance and between the rooms, may reasonably be presumed to foresee that injury may result to the person of some one from the use of the doors, either through the carelessness of the person using them, or the carelessness of another, or from pure accident; not probably so serious an injury as here occurred, but quite likely an injury to the hand or fingers, perhaps of a child, caught and crushed in closing the door. The person in control of the building might or might not be guilty of some negligence in the construction, equipment or operation of the door, making him liable for the injury; but it would be entirely immaterial whether the door was or was not in that part of the building that encroached on the street, because the violation of law, the wrongful act, of maintaining the encroachment on the street, had nothing whatever to do with pinching the fingers in the door. Appellee insists that it is of no consequence that this accident would have occurred just

the same had the doors in question been on the lot line; but that consideration seems pertinent as a factor in the problem to be solved, whether maintaining the doors within the street boundary had any influence on this accident. That to sustain an action for damages for a personal injury on the ground of negligence of the defendant, it must be shown that there was causal relation between the negligence charged and the injury, whether the negligence arose from the neglect of the duty imposed by statute or ordinance, or some other duty, would seem too clear to require either illustration or authority; but courts have many times found it necessary to state that proposition, as will be seen by reference to the authorities cited in 29 Cyc. 439, under the author's statement of the rule in relation to the violation of a statute as negligence, as follows:

"Although the violation of a statute is held to be negligence *per se* there must be a causal relation between such acts and the injury to render defendant liable, and such violation must be the proximate cause of the injury. And in this respect it must appear that compliance with the ordinance would have prevented the injury."

Our Supreme Court said in *Gibson v. Leonard,* 143 Ill. 182, on page 193:

"It is a rule of law too well settled to require the citation of authorities, that where the breach of duty alleged is not the cause of the injury received, there can be no recovery. Sections 1056 and 1057 of the ordinances were here wholly immaterial. The absence of either a fire-proof shaft, or of metal doors in the shaft, or of catches or fastenings on the doors which could only be opened on the inside of the shaft and were entirely under the control of the operator, did not cause or contribute to the personal injury that was received by appellant."

The court said in *Harmon v. Peoria Ry. Co.,* 160 Ill. App. 458, on page 464, in discussing a charge of negligence based on the violation of an ordinance: "It

does not appear that the violation of that ordinance was the proximate cause of appellee's injury; so far as the evidence shows the accident might have happened in the same way had the car stopped at the far crossing.''

Negligence arising from the violation of a statutory law or an ordinance is of no avail either as a ground of action or defense unless it be shown to be the cause of the injury. *Latham v. Cleveland, C., C. & St. L. Ry. Co.,* 179 Ill. App. 324, and authorities there cited.

It is also the law that only such persons as are intended to be benefited or protected by a statute can rely on a violation of that statute as giving a cause of action. *Gibson v. Leonard, supra.* In actions like this it is necessary to aver and prove the existence of a duty on the part of defendant to protect the plaintiff from the injury complained of, and a failure to perform that duty. *McAndrews v. Chicago, L. S. & E. Ry. Co.,* 222 Ill. 232. The negligent act of the defendant relied upon for a recovery here is in permitting this vestibule to remain an encroachment on a public street. It is clear that appellant owed the public, and perhaps every member of the public using the street, a duty not to encroach on the street, and the violation of that duty might be negligence of which a plaintiff could avail in an action for injury while using the street as a pedestrian; but we cannot see that appellant owed its customers, employees and others rightfully within its store, a duty to not encroach upon the street with the building in which they were employed or invited to trade.

We are of the opinion that the violation of duty complained of affords appellee no ground for recovery. She says in her brief here that she has not abandoned the claim that the doors were improperly constructed and hung, and suggests that inferences to that effect may be drawn from the proof as to the occurring of the accident. We do not see how such an inference

could be drawn from that proof, and if it be true that there is ground enough for that inference to sustain the action of the court in refusing to direct a verdict for defendant, still we are clearly of the opinion that there is no evidence of sufficient importance to warrant a judgment on that ground. Appellee does not contend, and as we have said before, we see no ground for contention, that she can be considered a pedestrian using the street at the time of the accident. Therefore it follows that in our opinion the evidence discloses no cause of action.

Appellant argues that appellee was not in the exercise of due care for her own safety; that she was familiar with the place and knew the doors were in continuous use and should have been on the lookout for such an occurrence. We are not disposed to hold her guilty of contributory negligence; she was acting as prudent people might, and very likely would, under like circumstances. There is little to be said about the facts of the occurrence in addition to the foregoing brief statement, in which counsel do not materially differ. The vestibule and doors were properly constructed and such as might well be maintained by a prudent merchant having in view the safety and convenience of his customers. Appellee was lawfully using the lobby way as a customer of the store. Even the third person who rushed through the doorway and caused the accident may or may not have been guilty of negligence depending upon the circumstances; she has never been discovered and her identity is unknown. We feel compelled to reverse the judgment solely on the ground that appellant is not shown guilty of any negligence contributing to the injury complained of. As there have been three jury trials we presume no further facts of importance could be shown on another trial, therefore we do not remand the case.

*Reversed with finding of facts.*

MR. JUSTICE NIEHAUS took no part in this decision.

Finding of facts. We find that appellant was not

guilty of any negligence causing the injury to appellee complained of.