James S. Deming, Administrator of the Estate of John Calvey, Deceased, Plaintiff in Error, v. Florence Estey Hallberg, Defendant in Error.

### Gen. No. 26,374.

1. NEGLIGENCE—*necessity for showing as to proximate cause.* The law requires affirmative, positive proof of actionable negligence as the proximate cause of injury suffered to warrant an assessment of damages.

2. MASTER AND SERVANT—*when absence of handrail not shown to be cause of fall.* Where plaintiff's intestate was found mortally injured at the foot of a stairway in a building of which he was the janitor, the stairway not being provided with handrails as required by a city ordinance, but there was no evidence as to how the injury occurred and nothing to show that he fell because of lack of such railings, the trial judge, in an action against the owner of the building for his death, properly directed a verdict for defendant.

Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed June 13, 1921.

B. FRANCIS JULIEN, CHARLES C. SPENCER and ARTHUR A. HOUSE, for plaintiff in error.

WILKERSON, CASSELS, POTTER & GILBERT, for defendant in error; RALPH F. POTTER, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action for negligently causing the death of plaintiff's intestate on the trial of which, before court and jury, the trial judge instructed a verdict in favor of defendant, upon which a judgment of *nil capiat* followed, and plaintiff brings the cause here for review on writ of error.

Plaintiff's intestate was a janitor in the apartment building owned by defendant for more than two years preceding the accident which resulted in his death. At the time of the accident the building was owned by defendant, although she had no personal knowledge of its condition at that time, having then recently taken title thereto under her husband's will.

The liability of defendant is predicated upon a violation of an ordinance of the City of Chicago which provides that stairways less than three feet three inches in width shall have not less than one handrail, and stairways more than that width shall have not less than two handrails, etc.

Plaintiff charges that a certain stairway in defendant's building leading from the first floor to the basement was four feet wide, thirteen feet high, and that the same was used by deceased in and about his duties as janitor; that defendant, violative of her duty and of the city ordinance, failed to furnish any rail for said flight of stairs, making the use of said stairs dangerous; that in consequence thereof deceased, while performing his usual duties on November 13, 1916, and while in the exercise of ordinary care for his own safety and without fault on his part, fell from said stairway to the basement, a distance of thirteen feet, receiving such injuries that he died therefrom three days thereafter. The usual allegation of dependent survivorship follows:

Disregarding any infirmities in the declaration, if such there be, let us see what is the evidence of plain-

tiff upon which he seeks a recovery of damages against defendant.

Plaintiff's intestate was not seen on the day of the accident from about one o'clock in the afternoon until after six o'clock in the evening, when he was found on the basement floor, at the foot of the stairway above described, south of and parallel thereto, his feet being south of and about even with the foot of the stairs, his head towards the west and about three or four feet from the stairs. His neck was broken and there were bruises about his person. There was nothing in the situation of the body to indicate that the deceased had fallen down the stairs. Deceased did not regain consciousness and three days thereafter expired in a hospital to which he had been taken.

It appears that plaintiff filed a claim under the Workmen's Compensation Act before the Industrial Commission, and that upon a hearing before the arbitrator he determined that the deceased and defendant were not at the time of the accident operating under the Workman's Compensation Act, and that plaintiff was not entitled to recover from defendant for the reason that defendant was not engaged in any of the hazardous occupations of section 3 of the Compensation Act [Callaghan's 1916 Stat. ¶ 5475 (3)]. This finding and award were on review by the Industrial Commission confirmed and adopted as the decision of the Commission. From this decision a certiorari was sued out of the circuit court, and upon hearing the foregoing finding of the Industrial Commission was confirmed. No further review has been had of the judgment of the circuit court.

There is no evidence in this record as to how or by what means deceased suffered the injuries from which he died. The evidence is confined to the facts of his leaving his home on the day of the accident and being later found in the basement of defendant's building unconscious and mortally hurt; that he was

a man 37 years of age, of sound health and of prudent, careful conduct. To conclude that deceased upon the occasion in question fell down the basement stairs because of the lack of a handrail is not only not warranted by the evidence and every inference and circumstance reasonably to be indulged therefrom, but so to do would be purely surmise and conjecture. No one testifying knew how the accident happened. Going into the realm of conjecture, it would be just as reasonable (or unreasonable) to conclude that deceased was assaulted and thrown down the stairs. As a matter of fact, how the accident happened is an undisclosed mystery. The proofs shed no light upon the subject.

No damages can be assessed upon mere surmise or conjecture as to what possibly happened to cause the accident. The law requires affirmative, positive proof of actionable negligence as the proximate cause of injury suffered to warrant an assessment of damages. *International Harvester Co. of New Jersey v. Industrial Board,* 282 Ill. 489.

Proof that the negligence averred was the proximate cause of the accident cannot be dispensed with. *Curran v. Chicago & W. I. R. Co.,* 289 Ill. 111; *Sehnert v. Schipper & Block,* 193 Ill. App. 202.

The action of the circuit court in instructing a verdict for defendant was right, and its judgment is therefore affirmed.

*Affirmed.*

Dever and McSurely, JJ., concur.